## Louisville & Jefferson County Metropolitan Sewer Dist. v. Bond Bros.

October 18, 1949.

Rehearing Denied Dec. 16, 1949.

Writ of Certiorari Denied April 24, 1950.

W. Scott Miller, Judge.

Gilbert Burnett, and Blakey Helm, for appellant.

Woodward, Dawson, Hobson & Fulton, for appellee.

VAN SANT, COMMISSIONER—Affirming.

The controversy herein originated more than twenty years ago between the Commissioners of Sewerage of Louisville, appellant's predecessor, and the Producers' Wood Preserving Company, appellee's predecessor. The original litigation is reported in Producers' Wood Preserving Company v. Commissioners of Sewerage of Louisville, 227 Ky. 159, 12 S. W. 2d 292. That action was instituted to condemn a right of way, consisting of almost ten acres of land, through the property of the Producers' Wood Preserving Company. In the reported case the judgment was reversed with directions to grant a new trial. On return of that case to the Lower Court an agreed judgment was entered by which the Commissioners of Sewerage were granted the perpetual easement which it sought to condemn and other attendant rights in respect to the use of the property, in consideration of the payment to the Producers' Wood Preserving Company of the sum of $49,590 and granting it the right to use the sewer in connecting its sewerage and storm water or natural drainage from all of the Producers' Wood Preserving Company's then existing property, to the ownership of a part of which appellee, Bond Brothers, succeeded in the year 1935. Operating under the aforesaid agreed judgment, the City of Louisville and appellant, its successor, received and discharged all the sewerage and surface water accumulations from the property in dispute until the latter part of the year 1947, when the present controversy arose and this suit was filed, seeking a declaration of the rights of the parties under the agreed judgment in the former case.

On the first appeal, Bond Bros. v. Louisville & Jefferson County Metropolitan Sewer Dist. et al., 307 Ky. 689, 211 S. W. 2d 867, 875, the rights of the parties were determined, and the judgment was reversed with directions for "consistent proceedings." Since, in addition to the request for a declaration of rights, appellee prayed for further relief based on a favorable declara-

tion, the opinion on the first appeal did not direct the specific judgment; thus permitting the chancellor to grant so much of the specific relief prayed for as he deemed proper after the issues were joined. The "consistent proceedings" referred to in the first opinion were those, and only those, necessary to determine this question. On return of the case, appellant tendered an answer which raises no issue not presented on the first appeal, but consists of arguments, merely, in support of contentions made, or which could have been made, on the original appeal. One of such arguments is that compliance with the opinion rendered in the first appeal would itself be unlawful. Another is that the closing paragraph of the opinion rendered on the first appeal permitted the Metropolitan District to elect to abrogate the agreed judgment entered in the condemnation suit by imposing sewer service charges and paying damages for breach of contract which, by its amended answer, it offers to do. The language relied on is: "Without extending the opinion further perhaps now beyond due bounds—we hold that the appellants' contract cannot be abrogated or their vested rights destroyed by imposing the sewer service charges promulgated by the Metropolitan District without due compensation being made."

By those words the Court did not mean that appellee could be required to submit to the destruction of its vested rights upon the mere payment of compensation for breach of contract, and thereby be deprived of the right of enforcing specific performance. As in all cases of like nature, the remedies for noncompliance with a contract or judgment are in the alternative at the election of the innocent party. Since the tendered amendment merely sets out contentions it amounts to no more than a second petition for rehearing. The Court properly refused to permit it to be filed.

The judgment is affirmed.